

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2010

# Caleb Malik Beyah v. NJ State Parole Bd

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2295

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

## Recommended Citation

"Caleb Malik Beyah v. NJ State Parole Bd" (2010). *2010 Decisions.* Paper 1943.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1943

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-291                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2295
_____

CALEB MALIK BEYAH,
                                        Appellant

v.

NEW JERSEY STATE PAROLE BOARD

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 08-cv-05220)
District Judge:  Honorable Anne E. Thompson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 20, 2009
Before: RENDELL, HARDIMAN and ROTH, Circuit Judges

(filed: February 3, 2010 )
_____

OPINION
_____

PER CURIAM

       Caleb Malek Beyah filed this civil rights action pursuant to 28 U.S.C. § 1983

against the New Jersey State Parole Board following an adverse parole decision.  In his

complaint, Beyah argued that the Board's decision was "without legal justification," and

that he should have been granted parole "on grounds of [his] advancemets [sic] and mental, and spiritual changes." The District Court granted Beyah's application to proceed in forma pauperis. The District Court then dismissed the complaint without prejudice[1] pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1) because its only identifiable claim was Heck-barred. The District Court declined to construe the complaint as a petition for habeas corpus pursuant to 28 U.S.C. § 2254 "[b]ecause of the negative consequences that flow from the filing of such a petition." Beyah appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's sua sponte dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Having granted Beyah leave to proceed in forma pauperis, we must dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) if it is frivolous, i.e., if it has no arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The doctrine of Heck v. Humphrey, 512 U.S. 477 (1994), precludes § 1983 claims whose success "would necessarily imply the invalidity" of a conviction or sentence that has not already been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Id. at 487. The District Court properly concluded that this doctrine applies to Beyah's § 1983 action, as none of the

---

[1] The District Court noted that its dismissal, though without prejudice, "is meant to finally resolve the matter."

2

aforementioned prerequisites is present in his case.

Accordingly, because this appeal presents no arguable legal issue, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).